IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. ALVAREZ, | No. C 09-1771 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| McDONALD, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at High Desert State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. 2241(d).

**STATEMENT**

A jury convicted petitioner of two counts of forced oral copulation, *see* Cal. Penal Code 288a(c)(2), one count of forcible rape, *see* Cal. Penal Code 261(a)(2), one count of inflicting corporal injury on a cohabitant, *see* Cal. Penal Code 273.5(a), and one count of making a criminal threat, *see* Cal. Penal.Code 422. With sentencing enhancements, he was sentenced to prison for forty-three years and four months. His conviction was affirmed on direct appeal by the California Court of Appeal with a minor modification, and the California Supreme Court denied review.

**DISCUSSION**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) admission of evidence of prior bad acts of domestic violence (a) violated due process, and (b) counsel was ineffective in not objecting to use of the evidence on grounds the evidence was cumulative and, in one case, did not meet the statutory standard; (2) the prosecutor committed misconduct in closing argument; and (3) his trial counsel was ineffective in specified ways.  These allegations are sufficient to require a response.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.

///

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May __8__, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\ALVAREZ1771.OSC.wpd

3